UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD HARBUS, | |
| Plaintiff, | Docket No. 1:19-cv-3461 |
| - against - | JURY TRIAL DEMANDED |
| LO-DOWN PRODUCTIONS LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Richard Harbus ("Harbus" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Lo-Down Productions LLC ("Lo-Down" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of elevators, owned and registered by Harbus, a New York based professional photographer. Accordingly, Harbus seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Harbus is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 119 Tappan Landing Road, Tarrytown, NY 10591.

6. Upon information and belief, Lo-Down is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 268 East Broadway #A303, New York, NY 10002. Upon information and belief, Lo-Down is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Lo-Down has owned and operated a website at the URL: www. thelodownny.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Harbus photographed elevators (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Harbus then licensed the Photograph to the New York Daily News. On January 2, 2016, the New York Daily News ran an article that featured the Photograph entitled *Elevator hero Stephen Hewett Brown didn't want to go to New Year's Eve party in Manhattan, though he saved a woman's life*. See URL http://www.nydailynews.com/new-york/elevator-hero-stephen-hewett-brown-place-article-1.2483709. Harbus' name was featured in a gutter credit identifying

him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Harbus is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-010-330 and titled "elevator, 1:2:16.jpg." See Exhibit C.

**B.  Defendant's Infringing Activities**

11. Lo-Down ran an article on the Website titled *Follow-up: Tenants Want Safety Assurances After Fatal Elevator Accident.* See URL http://www.thelodownny.com/leslog/2016/01/followup-tenants-want-safety-assurances-after-fatal-elevator-accident.html. The article featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12. Lo-Down did not license the Photograph from Plaintiff for its article, nor did Lo-Down have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Harbus first discovered the use of the Photograph on Defendant's Website in August 2018.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Lo-Down infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Lo-Down is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

20. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Daily News which contained a gutter credit underneath the Photograph stating "Richard Harbus" and placed it on its Website without the gutter credit.

21. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Lo-Down violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Lo-Down's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Lo-Down intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Lo-Down also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25. As a result of the wrongful conduct of Lo-Down as alleged herein, Plaintiff is entitled to recover from Lo-Down the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Lo-Down because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Lo-Down statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Lo-Down be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Lo-Down be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 22, 2018

LIEBOWITZ LAW FIRM, PLLC

By: <u>/s/Richard Liebowitz</u>
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Richard Harbus*